*145 Cuma, per
Nott, J.
Itis admitted that at common law, an action abated by the death of one of several plaintiffs, although another action might be brought for the same cause by the survivors; but by the act of 1746, P. L. 212, it is provided that, if there be two or more plaintiffs or defendants, and one or more of them shall die (if the cause of such action shall survive to the surviving plaintiff, or against such surviving defendants,) the writ or action shall not be thereby abated, but such death being suggested upon the record, the action shall proceed at the suit of the survivingplaintiff or plaintiffs against the surviving defendant or defendants. The question now to be determined, is whether the cause of action in this instance survived to the surviving plaintiffs. In the case of Denn ex. dim. vs. Purvis et. al. 1 Burrow 326. the plaintiff, Mrs. Burgess, brought an action of ejectment, for one half of the premises in question. In the course of the trial it appeared that she was entitled to but one third. A verdict by consent ivas given for one third subject to the opinion of the court, whether the plaintiff on her declaration for a moiety could recover one third part of such premises, and Lord Mansfield, in giving the opinion of the court said “ it was an exceeding plain case. The rule, says his lordship, is undoubtedly right, ‘ that the plaintiff must recover according to the title.’ Here she has demanded half and is only entitled to a third, and so much she ought to recover.” The other judges concurred in that opinion and the postea was delivered to the plaintiff. In the year 1802 a similar question arose in our own courts, and was determined in conformity with that decision. M'Fadden and wife vs. Haley, 2 Bay 457. Two years afterwards, the same question was brought up again in the case of Perry vs. Middleton, 2 Bay 539, where the judges again recognised the doctrine as correct, and said that the question had been settled in several cases, and these cases. *146 have always been considered as setting the iaw upon the subject. It appears from these decisions that the present plaintiffs might have maintained their action, if the deceased plaintiff had not been joined with them. They are, therefore, precisely in the same situation now as if the action had originally been brought in that form. The cause of action therefore survives to the surviving plaintiffs because they alone might have maintained the action. The decision of the judge below, must be supported, and the motion is therefore refused.
Demurrer sustained,